```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**CITY NATIONAL BANK,**
a National Bank Association,

    Plaintiff

v.                                    CIVIL ACTION NO. 2:05-0675

**JEFFERY W. CLARK,**

    Defendant

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion to strike counterclaim and/or to dismiss that counter-pleading pursuant to Rule 12(b)(6), filed March 31, 2006.

### I.

Plaintiff City National Bank ("City") is a national bank association having its principal place of business in Kanawha County, West Virginia. (Compl. ¶ 1.) Defendant Jeffery W. Clark is an Ohio citizen. (Id. ¶ 2). Defendant entered into an employment agreement ("the Agreement") with Classic Bank and Classic Bankshares (both referred to collectively as "Classic"). (Id. ¶ 5). The Agreement contained, inter alia, several provisions protecting Clark in the event that a "Change in Control" occurred that affected Classic. (Compl. ¶ 12). At some

time following the Agreement, Classic merged with City.  (Id. ¶ 8).

On May 20, 2005, Clark consented to the assignment of the Agreement from Classic to City.  (Id. ¶ 9).  On or about July 21, 2005, Clark's lawyer sent John Alderman, City Holding Company's general counsel, a letter voluntarily terminating Clark's employment and seeking certain benefits under the Agreement as a result of Classic's change in control.  (Id. ¶ 14).  On August 2, 2005, Clark transmitted his resignation letter to Tim Quinlan, Senior Vice President of City's Retail Banking division.  (Id. ¶ 17).  The letter is reproduced below:

> RE: Notice of Termination
>
> Dear Tim:
>
> Please accept this letter as my notice of resignation from City National Bank, effective August 16, 2005. I appreciate the opportunity provided me to work for City National Bank. Should it be determined that two weeks are not sufficient time for a smooth transition for the Ironton office, I have some flexibility on my final date of employment.
>
> This termination is based upon my loss of significant authority under section 5(b) of my employment agreement. In addition, this is a termination following a change in control under section 5(c).
>
> Sincerely,
>
> *Jeff Clark* (signature)
>
> Jeff Clark

On August 18, 2005, City instituted this declaratory judgment action pursuant to 28 U.S.C. § 2201. (Id. ¶ 4). City contends Clark is not entitled to change-in-control benefits under the Agreement. (Id. passim). On March 9, 2006, Clark filed his answer and counterclaim. Count I alleges that City breached section 5(c) of the Agreement. (Clark Cntrclm. ¶¶ 1-11). Count II alleges that City breached section 5(b) of the Agreement. (Id. ¶¶ 12-16). Count III pleads alternative claims for fraud and "negligent inducement." (Clark's Resp. at 8). Count IV, according to Clark, "anticipates that City has committed other breaches of the . . . Agreement." (Id. at 3).

City moves first that Counts I, II, and IV of the counterclaim be stricken as redundant and duplicative. City next moves that (1) Counts I and II should be dismissed because Clark's letter provided insufficient notice to City as required by the Agreement, (2) Count III should be dismissed because (a) Clark knew his position might be altered under the Agreement, (b) the integration clause contained in the Agreement bars the claim, (c) the claim is not pled with particularity as required by Rule 9(b), (3) Count IV should be struck as impermissibly vague, and (4) certain special damages have not been adequately pled with the specificity required by Rule 9(g).

3

Clark responds that (1) Counts I, II, and IV allege separate and independent breach of contract claims, and (2) Count III is both adequately alleged and viable.

II.

A.  Governing Standards

Regarding the motion to strike, Rule 12(f) provides as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).  Our court of appeals has never had occasion to address the Rule 12(f) standard at length.  One decision from this district adequately sets forth the governing considerations in a case where the movant sought to strike certain defenses:

> At the outset, the Court notes the standard by which courts judge Rule 12(f) motions imposes a sizable burden on the movant. A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted.  Before granting a motion to strike, a court must be convinced "there are no

4

> questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." It is difficult to establish a defense is clearly insufficient. Even where "technically appropriate and well-founded," motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party.

Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993) (citations omitted); see Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000); 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3rd ed. 2004); see also Waste Mgt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).

Regarding the alternative Rule 12(b)(6) component, a motion to dismiss pursuant to that rule should not be granted "unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Greenhouse v. MCG Capital Corp., 392 F.3d 650, 655 (4th Cir. 2004) (quoting Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). Additionally, the "complaint [is viewed] in the light most favorable to the plaintiff and . . . all well-pleaded allegations" are accepted as true. South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). Further, even beyond the facts alleged, the court is required to "draw[]

5

all reasonable . . . inferences from those facts in the plaintiff's favor . . . ."  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

A complaint need not "make a case" against a defendant or "forecast evidence sufficient to prove an element" of the claim.  Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).  Rather, it need only "allege facts sufficient to state elements" of the claim.  Id.; Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (noting complaint must "allege facts sufficient to state all the elements of" a claim)).

As noted by the leading commentators on the Federal Rules of Civil Procedure, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 2004).

6

B.  Rule 12(f) Analysis

City contends Counts I and II are simply an unnecessary, mirror image of sorts to City's own claim that it owes Clark nothing under the Agreement. City further contends that Count IV is nothing more than a duplication of Counts I and II. City cites only non-binding authority in support of its positions.

Clark contends that Count IV is distinct from Counts I and II. Had Clark omitted these three counts, he might have fallen prey to a later argument from City that he failed to plead compulsory counterclaims. See Fed. R. Civ. P. 13(a); Q Intern. Courier Inc. v. Smoak, 441 F.3d 214, 219 (4th Cir. 2006). Further, City does not indicate how it is prejudiced by having to defend the counterclaims. In view of these considerations, and the rule that a striking order is a "drastic remedy which is disfavored by the courts and infrequently granted[,]" the court ORDERS that the motion to strike be, and it hereby is, denied.

C.  Rule 12(b)(6) Analysis

City's primary argument for peremptory dismissal is

7

that Clark's letter did not satisfy the prerequisites contained in article 10 of the agreement concerning notice:

> Any purported termination by the BANK or by EXECUTIVE shall be communicated by Notice of Termination to the other party hereto.  For purposes of this Agreement, a "Notice of Termination" shall mean a written notice which shall indicate the specific termination provision in this Agreement relied upon <u>and shall set forth in reasonable detail the facts and circumstances</u> claimed to provide a basis for termination of EXECUTIVE's employment under the provision so indicated.

(Agreement at D-6) (emphasis supplied).

At this early juncture, the court is unwilling to resolve the question of whether Clark provided sufficient notice. The issue might be impacted by a post-Agreement understanding or modification, course of dealing, or any number of other considerations that may, after an opportunity for discovery and development, further inform the proper resolution of the question.  This ground, and the remaining grounds relied upon by City in support of its Rule 12(b)(6) motion, are not ripe for peremptory disposition.

City's motion is, as moulded, however, well taken in two respects.  First, Clark does not specifically counter City's contention that he has failed to set forth any special damages with the specificity required by Rule 9(g).  Second, City asserts that Clark has failed to plead Count III with the requisite

8

particularity under Rule 9(b).  Both contentions are well taken. Although Clark contests the Rule 9(b) ground, the substance of Count III is set forth in three, one-sentence paragraphs.  The sentences are framed very generally and simply do not pass muster under Rule 9(b).

The court, accordingly, ORDERS that City's alternative motion to dismiss, moulded as one seeking a more definite statement pursuant to Rule 12(e), be, and it hereby is, granted as to that portion seeking further explication of (1) Count III, and (2) any special damages sought, pursuant to Rule 9(b) and (g) respectively, and denied as to the residue.  The court further ORDERS that Clark be, and he hereby is, directed to file a first amended counterclaim in accordance with the court's directions no later than June 5, 2006.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: May 22, 2006

John T. Copenhaver, Jr.
United States District Judge

9